G-astoN, Judge.
 

 The plaintiff declared against the defendant in debt upon his bond, and after
 
 oyer
 
 of the obligation and condition, the defendant pleaded the general issue, and also performance of the condition, whereupon the. plaintiff assigned a breach, and upon this assignment issue was also joined. Upon the trial of these issues the defendant objected that the condition was insensible, and the obligation therefore
 
 void;
 
 which objection the court overruled. We are of opinion that in this the court decided correctly. Were the condition insensible, the consequence would be, not to make the bond void, but to make it a bond without condition. But the condition was sensiblo, and could well be understood, and any words by which the intent of the parties can appear, arc sufficient to make a condition of an obligation. The condition is inserted for the benefit of the obligor, and to enable him to save himself from the penalty. If the words of a condition however improper, should be pronounced senseless, then might the penalty be enforced against the obligor notwithstanding he liad fully executed the condition according to the intention of the parties.-
 
 (Butler
 
 v.
 
 Wigge, 1 Saun. 65; Cromwell
 
 v.
 
 Grumsden,
 
 1
 
 Ld. Ray,
 
 335.) Any uncertainty or mistake therefore in the condition may be sup-' plied and corrected by a reasonable intendment,and words which by themselves have no distinct, meaning, and which serve but to perplex and embarrass the meaning of the
 
 residue
 
 of the condition, should be altogether rejected.
 
 (Holmes
 
 v.
 
 Ivy,
 
 2
 
 Show.
 
 16.
 
 Maulevever
 
 v.
 
 Hawxby,
 
 2
 
 Saun.
 
 78.) Let these rules be applied to the construction of the instrument in question. It is executed in Rowan county, is payable to the plaintiff as deputy sheriff of that county, and is dated on the 8th of April 1829. The condition recites that the said deputy sheriff hath levied an execution at the instance
 
 *427
 
 of
 
 Wales
 
 and others on certain personal property of the obligor
 
 Cook,
 
 which at the request of the said
 
 Cook
 
 and his co-obligor, the defendant, has been left in their care and possession until the day of sale. After this recital it proceeds to declare, “that if the said
 
 Frost
 
 shall deliver the said property to the said deputy sheriff, at
 
 Mocksville,
 
 on or before 15 Friday before May court, then the above obligation shall be void, but otherwise in force.” The word fifteen, or rather the figures 15, standing by themselves, convey no definite meaning. They cannot without absurdity and absolute nonsense qualify the succeeding words “Friday before May court,” for but six Fridays could intervene before that court. We are bound judicially to know when the |],e terms of our courts are held because these are fixed by the public law. It is the May term of Rowan county that is referred to in the condition, for the bond is executed in that county, is payable to an officer of that county, and to secure the re-delivery to him of goods levied on for tiie purpose of a public sale in that county. And it must be the May Term of Rowan
 
 county,
 
 and not of Rowan
 
 Superior
 
 court that is meant, because the county court is held in May, and the Superior court is not. Lot the figures 15 then, be rejected as by themselves unmeaning, and when connected with others
 
 which
 
 are intelligible, producing nothing but absurdity, and tve see distinctly on the face of the condition, that its design is to afford the obligors an opportunity of discharging themselves from the penalty, by a re-delivery to the officer of the property, on or before the Friday preceding the next May Term of Rowan County Court.
 

 Notice i» judicially taken of the time when the County and Su-commence.
 

 Á «Vriff- who has seised proper-satisfy^n^exeem tion, and surren-ceivhig
 
 aP°f
 
 orthcoming bond, is breach^ ofPthe a bond, to recover the amount of the
 
 *428
 
 judgment; a1-noT^have'pai'd'h to the plaintiff in execution,
 

 
 *427
 
 We also approve of the instruction which the judge. S'avG to the jury on the subject of damages. If an officer levy an execution on goods of a defendant, sufficient to sat‘sfy the judgment of a plaintiff, the property in those goods, for the purpose of satisfying that judgment is ves-te<* *n bim, an(i if be permit the same to be eloigned so as to defeat tiie execution, it is not to be questioned but Ibatlie thereby becomes debtor to the plaintiff for the amount of the judgment. The act of 1807,
 
 (Rev. ch.
 
 
 *428
 
 731,J> allows an officer when
 
 property is
 
 levied on, and permitted by him to remain with the possessor until the day of sale, to take a bond for the forthcoming thereof, to-answer the execution, but declares that the officer shall nevertheless remain liable as theretofore in all respects, to the claims of the plaintiff. Of course an action cannot be brought on this bond until there be a breach, But when there is such a breach, the damages ought be commensurate to the injury sustained, and surely the val ue of his property thus withheld — the amount of the
 
 debt
 
 or
 
 liability
 
 thereby thrown upon him, is as definite and capable of being measuredbefore, as after he shall have paid
 
 this price,
 
 or satisfied this
 
 debt
 
 to another. When a mayhem or a battery is committed, the doctor’s bill is a proper item to be regarded by the jury in the estimate of damages, although it may remain undischarged at the moment of the trial. Damages comprehend the immediate injury, and the direct, obvious and Ordinary consequences of it. And for all these the injured person is entitled to recover in an action for the wrongful act or omission, because they are its necessary results. ■
 

 a conveyance by a stranger to demnify him asamst by tion, is admissa-ble aF^ns?L bim> especially if it recites facts mate] ”alt° the issue, being similar to a declaration made and^not^coritra-dieted,
 

 ^ We see no ground for reversing thejudgment, because of the admission in evidence of the conditional bill of sale or bond, (whatever it may be termed,j executed by
 
 Cook
 
 to the defendant, in which
 
 Cook
 
 acknowledges to have received from the defendant the negroes levied on in order to
 
 pay off
 
 the execution, and thus discharge the delivery bond. It must be regarded at least in as strong a light ° ° , as a declaration of facts made to the defendant, and by him admitted to be true. It is therefore competent evidence against the defendant, if the facts which it de-dares, or tends to establish be relevant. These facts are relevant, because from them it appears that the defendant had disabled himself from performing the stipulations in the condition, by a delivery of the property to
 
 Cook
 
 for the purpose of being sold, and upon an engagement of
 
 Cook,
 
 and adequate securityfrom him to pay off the judgment, for the satisfaction of which this property had been seized. It has been objected that this testimony may have been injurious to tlie defendant, because
 
 *429
 
 it showed that ho had the means'of indemnity, against recovery by the plaintiff- But it is impossible that this objection can be well founded, unless we presume that the jury should be reckless of their obligations, or wholly destitute of intelligence. The most that can be said against proof of such facts in the present case is, that it. was unnecessary, for the performance of the condition was to be shewn by the defendant, and was not required to be established by the plaintiff. But the exhibition of evidence
 
 merely
 
 superfluous and unnecessary, and which cannot mislead the jury, furnishes no legal cause for exception. -
 

 An advance of money made by judgment,1 upon * an assignment of
 
 a
 
 saüs&ctíon° of it. The cases of (C
 
 Bowks
 
 483,)
 
 o°¶01. p.
 
 353,)
 
 Bodge?
 
 v
 
 Armstrong, (ante p.
 
 353,)
 
 Shei'wood v Col-dert
 
 (Í5. 380,) 'approved.
 

 Upon the remaining question raised by the defendant it is enough to say that after the decisions in
 
 Carter
 
 v
 
 Sheriff of Halifax,
 
 (1
 
 Hawks
 
 483,)
 
 Governor
 
 v
 
 Griffin, (ante
 
 2 vl.p.552,)
 
 Hodges
 
 v
 
 Armstrong (ante
 
 3
 
 vl.p.253,)
 
 and
 
 Sherrod
 
 v
 
 Collier, (Ib.
 
 380,) it is hopeless to contend that an advance of money upon, and assignment to a third person of the judgment against Cook, purposely made to keep that judgment alive for the use of his sureties, did or could operate to
 
 extinguish
 
 such judgment at'law. The whole argument of the defendant upon this point is founded on the assumption that this judgment has been paid. But no part of the judgment has been paid or satisfied. The monies
 
 received by
 
 the plaintiff, were the consideration for an
 
 equitable
 
 transfer of his interest therein to the assignee. The judgment itself is wholly unaffected by such transfer, and remains since, ■as it was before,
 
 in law,
 
 the judgment of him in whose name it was obtained. The whole of the evidence -in relation to this equitable transfer, and the consideration advanced upon it, was irrelevant in this case, and should not have been admitted. But having been received the Court very properly instructed the jury that it did not affect the plaintiffs right to recover, or the amount of that recovery.
 

 We see no error in the judgment below, and direct it to be affirmed.
 

 Per Curiam — Judgment ateirmed.